UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALLEM AHMED,<br><br>Plaintiff,<br><br>-against-<br><br>FUN.XYZ; THE FUN GROUP INC.,<br><br>Defendants. | 26-CV-7134 (ALC)<br><br>ORDER OF SERVICE |

ANDREW L. CARTER, JR., United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under 42 U.S.C. § 1981, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131, and he also asserts a state-law claim for battery. Plaintiff alleges that his employer discriminated against him based on his race, ethnicity, sex, and religion. By order dated August 25, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of

time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Fun.xyz and the Fun Group Inc. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendants Fun.xyz and the Fun Group Inc., complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: September 1, 2026
New York, New York

ANDREW L. CARTER, JR.
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Fun.xyz
200 Park Avenue South
Ste. 1305
New York, N.Y. 10003

2. Fun Group Inc.
200 Park Avenue South
Ste. 1305
New York, N.Y. 10003